UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Thomas F. Isler<br><br>　　Plaintiff,<br><br>v.<br><br>Med-1 Solutions, LLC,<br><br>　　Defendants. | CIVIL ACTION<br><br>1:18-cv-00860-SEP-MPB |

## ANSWER

Defendant Med-1 Solutions, LLC ("Defendant"), by counsel submits its Answer to Plaintiff's Complaint.

### I. INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Thomas F. Isler for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendant.

**Admit.**

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

**Admit.**

### III. PLAINTIFF

3. Plaintiff Thomas F. Isler is a natural person residing in Marion County, Indiana.

**Defendant lacks sufficient knowledge do admit or deny.**

### IV. DEFENDANT

1

4. Defendant Med-1 Solutions, LLC is a for-profit domestic limited liability company with its principal place of business in Greenwood, Indiana.

**Admit.**

5. At all times referenced herein, Med-1 Solutions, LLC was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

**Admit.**

## V. STATEMENT OF FACTS

6. On May 24, 2016, Defendant filed a small claims lawsuit against Plaintiff in the Washington Township Small Claims Court, captioned *Med-1 Solutions, LLC v. Thomas Fiske Isler*, Cause No. 49K07-1605-SC-02319 (hereinafter "the state court lawsuit").

**Admit.**

7. The state court lawsuit concerned medical debt alleged to be owed by Plaintiff.

**Admit.**

8. On July 19, 2016, Plaintiff agreed in open court to make $40 per month payments.

**Admit**

9. Defendant represented to Plaintiff that no judgment would be entered against him as long as he remained current.

**Admit.**

10. The state court lawsuit was continued to October 4, 2016.

**Admit.**

11. Defendant also represented to Plaintiff that he need not appear at future court dates as long as he was current.

**Admit in part. Defendant represented this only at the July 19, 2016 and October 04, 2016 hearings.**

12. Plaintiff missed some payments and a new court date of July 25, 2017 was set.

**Admit.**

13. Plaintiff appeared at the July 25, 2017 court date and agreed to have his payments, on the terms previously agreed, automatically deducted from his bank account.

**Admit that Plaintiff appeared but deny that it was on the terms previously agreed.**

14. The case was continued to January 23, 2018.

**Admit.**

15. Plaintiff's payments began to be automatically deducted from his bank account shortly after the July 25, 2017 court date.

**Admit.**

16. Plaintiff's payments were being automatically deducted pursuant to the parties' agreement and he was current on January 23, 2018.

**Admit.**

17. Because he was current, Plaintiff did not attend the January 23, 2018 court date.

**Defendant lacks sufficient knowledge to know why Plaintiff failed to appear at the January 23, 2018 court date.**

18. Defendant obtained a default judgment against Plaintiff in the state court lawsuit at the January 23, 2018 court date in contravention of the parties' agreement.

**Admit in part that Defendant obtained a default judgment. Defendant denies that it was in contravention of any agreement of the parties.**

## VI. CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act

19. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through eighteen above.

**Defendant repeats, re-alleges, and incorporates by reference its answers above.**

20. Defendant violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

> a. Using an unfair and unconscionable means to collect a debt by obtaining defaulting Plaintiff after Plaintiff had been advised that he need not attend the court hearing if he is current on payments, in violation of 15 U.S.C. § 1692f; and

**Deny.**

3

   b. Using an unfair and unconscionable means to collect a debt by obtaining a judgment against Plaintiff in contravention of Defendant's express agreement with Plaintiff that Defendant would not obtain a judgment against Plaintiff as long as Plaintiff was current on payments, in violation of 15 U.S.C. § 1692f.

**Deny.**

21. As a result of these violations of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

**Deny.**

### Defendant's Affirmative Defenses

  Defendant Med-1 Solutions, LLC, by counsel, pursuant to Rule (8) of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, asserts the following affirmative defenses in this matter:

1. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.  The violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  (15 U.S.C. § 1692k).

2. Defendant reserves the right to amend its Answer and Affirmative Defenses to assert any new affirmative defenses discovered between the time of the filing of its Answer and the date of trial.

  WHEREFORE, Defendant prays that Plaintiff take noting by way of his Complaint; for costs of this action and all other proper relief.

Date: <u>May 15, 2018</u>

Respectfully Submitted,

4

*/s/ Nicholas Moline*
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant
Med-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, IN  46142
(317) 883-5600
Nicholas.Moline@med1solutions.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>May 15, 2018</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties of record.

*/s/ Nicholas Moline*
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant
