UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS F. ISLER,<br><br>              Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>              Defendant. | CASE NO. 1:18-cv-00860-SEB-MPB |

**ORDER ON CASE MANAGEMENT PLAN**

I. **Parties and Representatives**

    A.    Thomas F. Isler, Plaintiff; Med-1 Solutions, LLC, Defendant

    B.    Counsel for Plaintiff:

        Robert E. Duff
        Indiana Consumer Law Group/The Law Office of Robert E. Duff
        P.O. Box 7251
        Fishers, IN 46037
        T:  800-817-0461
        F:  800-817-0461
        robert@robertdufflaw.com

        Counsel for Defendant:

        Nicholas Moline
        Med-1 Solutions, LLC
        517 U.S. Highway 31 North
        Greenwood, IN 46142
        T:  317-883-5600
        Nicholas.Moline@med1solutions.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

    A.      The parties agree that the Court has federal question subject matter jurisdiction arising from Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA").

    B.      Plaintiff's Statement:

Med-1 Solutions sued Mr. Isler over a medical bill he allegedly owed. Mr. Isler agreed to make payments on the debt in exchange for Med-1 agreeing to continue the case and not obtain a judgment against him. It was agreed that as long as Mr. Isler was current on his payments he did not need to appear for periodic status conferences set by the court.

Mr. Isler missed some payments on this agreement, so he appeared back in court. Mr. Isler agreed to now have payments deducted automatically from his checking account in exchange for Med-1 agreeing to continue the case and not obtain a judgment against him. It was agreed that as long as Mr. Isler was current on his payments he did not need to appear for periodic status conferences set by the court.

Mr. Isler was current on his automatic payments and did not show up for a court date (as agreed), but a new attorney for Med-1 did honor the previous agreement and obtained a default judgment against Mr. Isler. Mr. Isler contends Med-1's failure to honor the agreement and instead obtain a default judgment against him is an unfair means to collect a debt and therefore a violation of the FDCPA.

    C.      Defendants' Statement:

After Mr. Isler missed some payments on the original payment agreement with Med-1 Solutions, he appeared for a court date and it was agreed that the future payments would be deducted automatically. There was no subsequent agreement that Mr. Isler did not need to appear at future court dates. By violating the original payment plan the terms of that agreement were now void. Med-1 solutions taking a default judgment on Mr. Isler did not violate any agreement in place and therefore did not rise to the level of unfair means to collect a debt and was not a violation of the FDCPA.

    D.      Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.**    **Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before June 29, 2018. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

B. Plaintiff shall file preliminary witness and exhibit lists on or before July 27, 2018.

C. Defendant shall file preliminary witness and exhibit lists on or before July 27, 2018.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before November 9, 2018.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before August 17, 2018. Defendant shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before November 30, 2018. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before thirty days after Plaintiff has disclosed his experts; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before December 28, 2018.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment

        stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before February 1, 2019. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     No party presently anticipates the production of a substantial volume of electronically stored information ("ESI") in this case. The parties agree to produce documents in hard copy or PDF format. The parties also agree on the following clawback provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes. If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. Because the parties anticipate at this time that most if not all of the facts in this case will not be in dispute, both parties anticipate filing motions for summary judgment on the alleged FDCPA violation.

B. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by_____[no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_X\_\_ Track 2: Dispositive motions are expected and shall be filed by March 9, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by March 1, 2019; expert witness discovery and discovery relating to damages shall be completed by May 3, 2019. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions are expected and shall be filed no later than_____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months

from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

\_\_\_\_\_ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

### V. <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.**

### VI. <u>Trial Date</u>

The presumptive trial date is 20 months from the Anchor Date. The parties request a trial date in September, 2019. The trial is by the Court and is anticipated to take one day. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII. <u>Referral to Magistrate Judge</u>

A. **Case**. All parties DO consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including

6

        trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

    B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge. All parties do not currently so consent.

## VIII. Required Pre-Trial Preparation

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a

                video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

     5.     Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

     6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

     1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

     2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

     3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

     4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**    **Other Matters**

None at this time.

       Respectfully submitted:

       Counsel for Plaintiff:

       s/ *Robert E. Duff*
       Robert E. Duff
       Indiana Consumer Law Group/The Law Office of Robert E. Duff
       P.O. Box 7251
       Fishers, IN 46037
       T:  800-817-0461
       F:  800-817-0461
       robert@robertdufflaw.com

       Counsel for Defendant:

       s/ *Nicholas Moline*
       Nicholas Moline
       Med-1 Solutions, LLC
       517 U.S. Highway 31 North
       Greenwood, IN 46142
       T:  317-883-5600
       Nicholas.Moline@med1solutions.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **JUNE 12, 2018** FOR A PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| X | DISCOVERY DEADLINE SHALL BE **MARCH 1, 2019**. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_.M., ROOM \_\_. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR **OCTOBER 4, 2018 AT 10:00 A.M. (EST). The information needed by counsel to participate in this telephonic conference will be provided by a separate notification.** |

|   |   |
|---|---|
|   | A SETTLEMENT CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM **316 (See attachment for particulars, including description of which client(s) must attend.**); OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **MARCH 9, 2019.** |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Dated:  June 12, 2018

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**