## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Thomas F. Isler<br><br>  Plaintiff,<br><br>v.<br><br>Med-1 Solutions, LLC,<br><br>  Defendants. | CIVIL ACTION<br><br>1:18-cv-00860-MPB-SEB |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

MED-1 Solutions, LLC ("Defendant"), by counsel files this brief in support of Defendant's Motion for Summary Judgment pursuant to Fed R. Civ. P. 56. There are no genuine issues of material fact, there is an absence of evidence to support Plaintiff's case, and Defendant is entitled to judgment as a matter of law on all counts of Plaintiff's Complaint and Statement of Claims. Defendant requests that this Court enter summary judgment in favor of Defendant on all counts.

### INTRODUCTION

This matter involves claims brought by Plaintiff against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* ("FDCPA").

Defendant's Motion for Summary Judgment seeks judgment in its favor on all counts of the Plaintiff's complaint, *Dkt. 1,* as well as all allegations brought in Plaintiff's Statement of Claims *Dkt*. 32. In this Brief, Defendant shows that there are no genuine issues of material fact, there is an absence of evidence to support Plaintiff's case, and Defendant is entitled to judgment as a matter of law on all violations alleged in Plaintiff's Complaint and Statement of Claims. Defendant's Motion for Summary Judgment should be granted in full.

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant submits the following Statement of Material Facts Not in Dispute pursuant to F.R.C.P 56(c) and S.D. Ind. L.R. 56-1, in support of its Motion for Summary Judgment:

1. On May 24, 2016, Defendant filed a small claims lawsuit against Plaintiff in the Washington Township Small Claims Court, captioned, *MED-1 Solutions, LLC v. Thomas Fiske Isler,* Cause No. 49k07-1605-SC-02319. *Exhibit A.*

2. On July 19, 2016, the Defendant and Plaintiff appeared before the Washington Township Small Claims Court and the Court entered an order that Mr. Isler "agrees to $40/mon start Aug 20 and continuing on the same day of each successive calendar month. If Defendant remains current, then no Judgment will be entered." The case was continued until October 04, 2016 with a note that read "If Defendant current Defendant need not to appear." *Exhibit B.*

3. On October 04, 2016, Plaintiff and Defendant appeared before the Washington Township Small Claims Court. The Court entered an order that reads: "Continued indef. so long as payments made as indicated previously under paymplan." *Exhibit C.*

4. On February 20, 2017, Mr. Isler missed his February monthly payment. The payment was received on March 02, 2017. *Exhibit D pgs.8-9 & Exhibit E pgs. 8-9..*

5. On March 20, 2017, Mr. Isler missed his March monthly payment. *Exhibit D pgs.8-9 & Exhibit E pgs. 8-9.*

6. On April 20, 2017, Mr. Isler missed his April monthly payment. *Exhibit D pgs.8-9 & Exhibit E pgs. 8-9.*

7. On May 31, 2017, MED-1 filed an Amended Notice of Claim. *Exhibit F.*

8. On July 25, 2017, MED-1 attorney Tara Gerber and Mr. Isler made a phone call together to MED-1 from Washington Township Small Claims Court to set up a monthly auto payment plan for $40 per month starting August 20th. MED-1's rep asked "is there anything else I need to do for you" to which Mr. Isler responded, "no." *Phone Recording July 25, 2017 Exhibit G.*

9. On July 25, 2017, MED-1 and Mr. Isler appeared at the Washington Township Small Claims Court and the court entered an order continuing the cause until January 23, 2018. *Exhibit H.*

10. On January 23, 2018, MED-1 appeared at a hearing in the Washington Township Small Claims Court, Mr. Isler failed to appear. The Court entered a judgment in favor of MED-1 Solutions that reads: "Accordingly, the Court now orders: That judgment is rendered in favor of the Plaintiff for the sum of $3,0961.60 and attorney fees of $375 and prejudgment interest of $0 for a total judgment of $3,466.60 plus costs and post judgment interest at 8% per annum." *Exhibit I.*

## **LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). A defendant can prevail on summary judgment merely

by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support [any essential element of] the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325, quoting Fed. R. Civ. P. 56(c). Once a defendant meets its initial obligation of showing there is no genuine dispute of material fact, the onus shifts to the plaintiff to come forward with admissible evidence from which a reasonable jury could find that she has met her burden of proof. Id. at 322-23. It is not enough to produce "colorable" evidence; a plaintiff must proffer "significantly probative" evidence, and cannot rely on mere allegations. *Anderson*, 477 U.S. at 247-49, 256-57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Similarly, speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. *Roney v. Illinois Dept. of Transp.*, 376 F. Supp. 2d 857, 864-65 (N.D. Ill. 2005) aff'd, 474 F.3d 455 (7th Cir. 2007).

## **DEFENDANT'S ARGUMENT**

Plaintiff alleges that Defendant violated §1692f of the Fair Debt Collection Practices Act when it obtained a default judgment against him in contravention of the parties' payment arrangement agreement. *Plaintiff's Statement of Claims Dkt. 30.* Specifically, Plaintiff alleges in his complaint that Defendant used "unfair an unconsciable means to collect a debt by obtaining a defaulting Plaintiff after Plaintiff had been advised that he need not attend the court hearing if he is current on payments." *Complaint Dkt.1.*

There is an absence of evidence to support the claim that Defendant violated §1692f of the Fair Debt Collection Practices Act. Plaintiff has simply failed to provide any evidence that MED-1 advised Plaintiff that he need not attend the court hearing if current on payments and/or that any agreement to this effect was in place on January 23, 2018. The only evidence in the record that mentions that Plaintiff need not appear is the July 19, 2016 order from the

Washington Township Small Claims Court which in the margins there is handwriting that reads "*If [Defendant] is current [Defendant] need not to appear." *Exhibit B*. According to the deposition of Tara Gerber, former attorney for MED-1 Solutions, this note was not written by her on this Judgment.

```
 2  A  I see things that look like my handwriting.
 3  Q  What would those things be?
 4  A  My signature on the one that says Plaintiff in the
 5     middle of the page; the words October 4, 2016; and
 6     then at the very bottom $40/month, which means $40
 7     per month, start August 20.
 8  Q  Is there anything else handwritten on this document
 9     that you possibly could have done, like checkmarks
10     or circles or anything like that?
11  A  I could've made the checkmarks or the circles.
```

*(Geber Dep. 15:2-15:11) Exhibit J.* The Judge ordered that Plaintiff not need to appear if current on the payments, he was not advised by MED-1 Solutions as the Plaintiff alleges in his complaint. The cause was continued until October 04, 2016.

    The October 04, 2016 hearing contradicts Plaintiff's allegations that he believed he need not appear at subsequent hearings. It is undisputed that Plaintiff was current on his payments as of October 04, 2016; however, Plaintiff appeared at this hearing in contravention to Plaintiff's allegation that he need not appear at subsequent hearings if current. The October 04, 2016 hearing concluded with an order of the court that continued the payment plan consistent with the July 19, 2016 order. *Exhibit C.*

It is undisputed that following the October 04, 2016 hearing Plaintiff missed a couple payments. These missed payments breached the payment plan established on July 19, 2016 and voided the provision that Plaintiff need not to appear as he was no longer current per the order of the Court. *Exhibit B.*

Defendant filed an Amended Notice of Claim and the Court held a hearing on July 25, 2017.  At this hearing Plaintiff met in person with Defendant's attorney Tara Gerber and arranged a payment plan of $40/month starting August 20th. *Phone Recording July 25, 2017 Exhibit G.* Neither Plaintiff nor Defendant ever made reference to any agreement that Plaintiff would not need to appear at a subsequent hearing date; nor did either party indicate that the terms of the July 19, 2016 Order would be reinstated.  The parties came to a new agreement that Mr. Isler would make payments and the cause will be continued to January 23, 2018. The Court entered an order indicating that the cause was continued with no further notations as to the agreement of the parties. Plaintiff failed to appear at the January 23, 2018 hearing and MED-1 Solutions moved for a default judgment pursuant to Rule 10(B) of the Indiana Rules of Court Small Claims:

> **Rule 10. Dismissal and default**
>
> (A) **Dismissal.** If the plaintiff fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may dismiss the action without prejudice. If a counterclaim has been filed the court may grant judgment for the defendant after first making an inquiry similar to that required by S.C. 10(B) in the case of default judgments. If the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice.
>
> (B) **Default.** If the defendant fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered,
>
> 4
>
> the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:
>
> (1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice;
>
> (2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim;
>
> (3) Either (a) the defendant is not entitled to the protections against default judgments provided by the Servicemembers Civil Relief Act, as amended (the "Act"), 50 U.S.C. appx. § 521, or (b) the plaintiff has filed with the court, subscribed and certified or declared to be true under penalty of perjury, the affidavit required by the Act (i) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (ii) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service; and
>
> (4) The plaintiff has a prima facie case.
>
> After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

Pursuant to Rule 10(B) MED-1 was within its right to request a default judgment. Plaintiff appeared at the July 25, 2017 hearing and was provided notice that the cause was continued until January 23, 2018. He failed to appear at the January 23, 2018 hearing and the Court upon reviewing the record consistent with Rule 10(B) granted the Default Judgment.

## CONCLUSION

The only issue of fact presented in the Plaintiff's Complaint and Statement of Claims is whether there was an agreement between MED-1 and the Plaintiff that he need not appear at hearings. MED-1 through the presentation of orders of the Washington Township Small Claims Court, Telephone Recordings, deposition testimony, and contemporaneous account notes has met its burden pursuant to Fed.R.Civ.P. 56 that there is no genuine issue of material fact. The

evidence does not support that any agreement was in place at the time of the January 23, 2018 hearing. Alternatively, even if Plaintiff is able to establish a genuine issue of material fact; there is an absence of evidence to supports Plaintiff's case.  Plaintiff explained the agreement in his response to Interrogatory no. 2 on Defendant's Request for Interrogatories when he stated: "the agreement was that payments would henceforth be made by automatic withdrawal from Plaintiff's checking account and as long as payments were current there would not be judgment taken against Plaintiff." *Response to Request for Interrogatory No. 2, Exhibit J.* According to Plaintiff "to the best of Plaintiff's knowledge, the agreement was oral and not in writing." *Response to Request for Production 3, Exhibit K*. MED-1 has presented a recording between its attorney Tara Gerber, Mr. Isler, and a representative of MED-1 setting up the payment agreement referenced in response to interrogatory no.2. That recording definitively shows that there was no oral agreement that judgment would not be taken if Plaintiff was current on his payments. In fact Plaintiff had an opportunity to request that his account be noted as such and did not make that request of MED-1 when setting up this payment plan, nor did he request the Court enter it into its Order.  There is no evidence that supports Plaintiff's allegations and in fact MED-1 has provided evidence to the contrary.  As such, Defendant's Motion for Summary Judgment should be granted in its entirety.

Dated: April 10, 2019.

                                      Respectfully Submitted,

                                      /s/ Nicholas Moline
                                      Nicholas Moline, IN Atty # 29711-49
                                      Attorney for Defendant
                                      Med-1 Solutions, LLC
                                      517 U.S. Highway 31 North
                                      Greenwood, IN  46142
                                      (317) 883-5600
                                      Nicholas.Moline@med1solutions.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties of record.

/s/ Nicholas Moline
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant