UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS F. ISLER,<br><br>    Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>    Defendant. | CASE NO. 1:18-cv-00860-MPB-SEB |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**

Plaintiff Thomas F. Isler has moved the Court for summary judgment on liability on his claim for violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendant Med-1 Solutions, LLC ("Med-1"). Dkt. 35.

I. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

On May 24, 2016, Med-1 filed a small claims lawsuit against Mr. Isler in the Washington Township Small Claims Court, captioned *Med-1 Solutions, LLC v. Thomas Fiske Isler*, Cause No. 49K07-1605-SC-02319 (hereinafter "the state court lawsuit"). Dkt. 9, p. 2; Dkt. 35-1, p. 1. The state court lawsuit concerned medical debt alleged to be owed by Mr. Isler. *Id.*

The initial court date for the state court lawsuit was July 19, 2016. Dkt. 35-1, p.1. Mr. Isler appeared and met with Med-1's attorney, Tara Gerber. *Id.* He did not want a judgment to be granted because he believed it would impair his credit rating, so he agreed in open court to make $40 per month payments. Dkt. 35-1, p. 1; Dkt. 9, p. 2. Ms. Gerber told Mr. Isler that no judgment would be entered against him as long as he remained

current and that he did not need to appear at future court dates as long as he was current. *Id.*; Dkt. 35-1, p. 1. The state court lawsuit was continued to October 4, 2016, at which time Mr. Isler appeared and was current on his payments. *Id.* The case was then continued indefinitely so long as Mr. Isler made the payments as previously agreed. Dkt. 35-1, p. 1.

Unfortunately, Mr. Isler ran into financial difficulties and missed some payments so a new court date of July 25, 2017, was set. Dkt. 9, p. 2; Dkt. 35-1, p. 2. Mr. Isler appeared at the July 25, 2017, court date. Dkt. 35-1, p. 2. He still did not want a judgment taken against him, so he negotiated a renewed payment arrangement with Ms. Gerber. *Id.* Ms. Gerber required this time that payments be made by automatic ACH withdrawal from Mr. Isler's bank account and in exchange agreed to reinstate the previous agreement that no judgment would be taken against Mr. Isler as long as he was current on his payments. *Id.* Ms. Gerber explicitly told Mr. Isler at that time that Med-1 would not obtain a judgment against him as long as his payments were current. *Id.* The case was continued to January 23, 2018. Dkt. 9, p. 3; Dkt. 35-1, p. 2.

Mr. Isler's payments began to be automatically deducted from his bank account shortly after the July 25, 2017, court date. *Id.* Mr. Isler was called out of state for work and was unable to attend the January 23, 2018, court date, but he believed that it was ok because his payments were current and it would just be reset. Dkt. 35-1, p. 2. Mr. Isler learned a few days later that it was not ok and that Med-1 had been represented by a new attorney, not Ms. Gerber, who had obtained a default judgment against him. *Id.*; Dkt. 9, p. 3. Believing a mistake had been made, Mr. Isler contacted Med-1 and asked them to set aside the default judgment because of the agreement not to obtain a judgment as long as

he was current on his payments. *Id.* Med-1 refused. Mr. Isler then filed an appeal to transfer the case to the superior court for a trial *de novo*. *Id.* at 2-3.

II.  SUMMARY OF ARGUMENT

The FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. It was unfair and unconscionable, and therefore a violation of the FDCPA, for Med-1 to tell Mr. Isler that Med-1 would not obtain a judgment against him as long has he was current on payments and then to obtain a default judgment against him even though he was current on payments.

III.  ARGUMENT

The Fair Debt Collection Practices Act was passed by Congress with the stated goal of protecting consumers from debt collection abuses. 15 U.S.C. § 1692. One of the ways the FDCPA attempts to accomplish that goal is through § 1692f, which states a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  The Seventh Circuit has acknowledged that this language is both "broad" and "as vague as they come." *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013); *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 475 (7th Cir. 2007). However, the Seventh Circuit gave its lower courts some relevant guidance when it favorably cited the Ninth Circuit case of *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994) in the *Todd v. Collecto* case. 731 F.3d at 740 (in discussing what is and is not a violation of § 1692f, the Court said: "On the other hand, seeking a writ of garnishment when the debtor was not behind in making payments can violate §1692f. *Fox v. Citicorp Credit Servs., Inc*., 15 F.3d 1507, 1517 (9th Cir. 1994)").

The relevant facts in the *Fox* case are particularly analogous to the facts here. The Foxes were sued by debt collector Citicorp Credit Services in Maricopa County, Arizona. *Fox*, 15 F.3d at 1510. The parties agreed to a stipulated judgment and a payment plan. *Id.* The Foxes missed payments several times and a new payment arrangement was reached each time. *Id.* Then, at a time when the Foxes were current on their payments, Citicorp's attorney filed an application for a writ of garnishment in the Maricopa County court. *Id.* at 1511. In reversing the district court's grant of summary judgment, the Ninth Circuit stated: "Finally, a jury could rationally find the filing of an application for a writ of garnishment when the Foxes were current in payments demanded by Citicorp agents to constitute an unfair or unconscionable means of collection or attempted collection under section 1692f." *Id.* at 1517.

The similarities between what occurred here and what occurred in the *Fox* case are unmistakable, and the fact that the Ninth Circuit and Seventh Circuit have both concluded that what allegedly happened in *Fox* is a violation of § 1692f supports Plaintiff's position here that Med-1 violated § 1692f. But the facts here more strongly support a violation. There was no (explicit) representation by Citicorp in *Fox* that it would not pursue additional collection remedies as long as the Foxes were current on their payments. Here there was a representation by Med-1 that it would not obtain a judgment against Mr. Isler as long as Mr. Isler was current on his payments.

Med-1 engaged in an unfair and unconscionable means to collect a debt when it obtained a default judgment against Mr. Isler despite telling Mr. Isler that it would not obtain a judgment against him as long as he remained current on his payments. This is a violation of § 1692f.

4

IV. CONCLUSION

The undisputed material facts show that Defendant violated § 1692f of the FDCPA. Plaintiff respectfully requests the Court enter summary judgment in favor of Plaintiff and against Defendant on liability only.

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com